## M. MUNDY *v.* M. KEARN'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 5—697, as Mundy v. Kean's Admr.]

**Tender—When Unnecessary.**

> One is excused from making a tender, which would otherwise be necessary, when the party in advance notifies the party required to make it that it would not be received.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

February 19, 1884.

OPINION BY JUDGE PRYOR:

This judgment must be affirmed unless the opinion delivered by this court on a former hearing is disregarded. There is not a single fact now presented upon the question of a new trial that was not before the court and considered on the first appeal. The facts transpiring after the judgment below, instead of favoring the appellant's view of the case, are directly against him.

It is not pretended that Kearn or his administrator collected the note, or that by reason of the laches of either the obligor proved to be insolvent. All the facts being before the court and the appellant alleging that Kearn had collected the money a judgment was rendered against Kearn for what he did collect, and then his administrator was directed to transfer the note without recourse to the appellant. Of this the appellant complained and the court affirmed the judgment and in substance said both in the original opinion and response to a petition for a rehearing that any damage the appellant had sustained he might recover, not that he could recover the note by the judgment below which was affirmed here, and then sue for its conversion on the identical facts. This can not be done. As the case stands the right of recovery depends upon the damages, if any, sustained by appellant on account of the detention of the note by Kearn, and to determine this question the court must regard the present petition as setting forth a distinct cause of action based on the instruction of this court in the response to the petition for a rehearing.

There was no refusal on the part of Kearn or his administrator to deliver the note in accordance with the judgment, but it was

the refusal of appellant to receive it according to his own statement until required to do so by the judgment of this court. It was the judgment requiring Kearn's administrator to deliver the note that appellant complained of, and it is patent that after the judgment appellant was refusing to receive it and not appellee refusing to deliver it. It is argued it was the duty of the appellee to deliver it and that there was no excuse for the nondelivery.

It is alleged in the answer of Kearn's administrator "that he was ready and willing to deliver and assign the note to said Mundy at any time after the rendition of the judgment herein on the 6th of July, 1878, and that immediately thereafter he, by his counsel, offered to assign and deliver said note to Mundy and the latter declined to receive it. That pending the appeal taken by Mundy to this court he again by his counsel solicited said Mundy to receive said note and he refused to receive it. That he also offered to assign and deliver said note to said Mundy upon the express condition that said Mundy should not thereby be prejudiced as to any claim he had against Kearn on account of said note, and also upon the further condition that if he desired to do so he might use the plaintiff's name in bringing the action, and Mundy declined and refused to receive the note." It is also alleged that so soon as the judgment below was affirmed he by his counsel again offered to assign the note and notified Mundy of his readiness to deliver it.

It is not necessary to discuss the question of fact, as the appeal of Mundy from the judgment was of itself a refusal to comply with its terms and is entirely consistent with the statement of counsel for Kearn's administrator in regard to the offer to deliver. Gibson states that the note was in his posssesion from December, 1876, until July 9, 1879, when he delivered it to appellant. He states that after the confirmation of the commissioner's report on the claim of Mundy in July, 1878, he had the plaintiff (Kearn's administrator) to assign the note to Mundy without recourse, and informed Mundy in person of the fact and told him he was ready to deliver it to him, and he stated positively that he would not receive it until, as he expressed himself, the Court of Appeals compelled him to; that he was going in person to where Dugan lived or would go and have the note collected for Mundy if it could be done and the latter declined to have anything to do with it. He saw Kearn's administrator after this and informed appellant that

the administrator was willing he should take the note, and if necessary might sue in his name without prejudicing any claim he might have against Kearn's estate.  The appellant declined.  So it is evident that a formal tender would have amounted to nothing if made, as the only issue between the administrator and Mundy was, Shall Mundy take the note or require the administrator to keep it and pay to Mundy the money?  It would, as this court said in *Tibbs v. Timberlake,* 4 Litt. (Ky.) 12, be an idle ceremony to make the actual tender when the party in advance notified the party required to make it that it would not be received if tendered.  The ground of recovery by the appellant is distinctly stated in the former opinion to the effect that "if the administrator shall be unable or shall refuse on proper demand properly to assign and deliver the note to appellant this record will not interpose any obstacle to the recovery of whatever damages the appellant may sustain on account of such failure or refusal."  Placing, however, the burden of making a tender on the appellee, still the cause offered for not actually tendering the note is the announcement to Gibson by Mundy that he would not receive it, not only once but on several occasions, and this was perfectly consistent with the theory of the case by the appellant, who claimed that Kearn must keep the note and pay him the balance due upon it.

The appellant's refusal to receive the note prevented the recovery and caused the running of the statute.  If the obligor was released by the lapse of time, it was appellant's fault because he had at least one year in which to bring his action, the prosecution of his appeal producing the delay and not the act of Kearn's administrator.  The rendering of a false account and the retention of the possession for several years by Kearn did not make him responsible as this court adjudged, and there being nothing else in the record but the plea that the recovery was prevented by the plea of the statute (if it was defeated on that ground), it is manifest that appellant's own refusal to receive the note caused the delay that enabled the obligor to plead the statute.  It was nearly five months after the judgment was affirmed by this court before the statute barred the collection of the debt, and appellant, still relying upon his view of the case, persisted in making Kearn responsible, and in July, 1879, the statute had run and Dugan was released.  We see no escape from the conclusion reached by the court below and the judgment is *affirmed.*

*M. Mundy, W. Lindsay, for appellant.*
*Chas. H. Gibson, for appellee.*